IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INC., | § § § § § § § § § § § | |
| | | CIVIL ACTION NO. 4:16-cv-1956 |
| Plaintiff, | | |
| v. | | JURY TRIAL DEMANDED |
| SMITH INTERNATIONAL, INC. | | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Baker Hughes Oilfield Operations, Inc. ("Baker" or "Plaintiff") files this Original Complaint against Defendant, Smith International, Inc. ("Smith" or "Defendant").

## PARTIES

1. Plaintiff Baker is a corporation organized and existing under the laws of the State of California with its principal place of business located at 2929 Allen Parkway, Suite 2100, Houston, TX 77019.

2. Defendant is a corporation organized and existing under the laws of the State of California, having a place of business at 1310 Rankin Rd., Houston, Texas 77073. Defendant may be served with process by serving its registered agent National Registered Agents, Inc., 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136. Defendant designs, manufactures, and supplies drilling services and systems for the oil and gas industry.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* This Court has subject matter jurisdiction pursuant to the

provisions of 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. §§ 271 *et seq*.

4. This Court has personal jurisdiction over Defendant because Defendant has sufficient contacts with the State of Texas and this judicial district to permit the exercise of personal jurisdiction. Personal jurisdiction over Defendant comports with the United States Constitution because Defendant has its principal place of business in this judicial district, does business in this judicial district, has committed and continues to commit, or has induced and continues to induce, or has contributed and continues to contribute to, acts of patent infringement in this judicial district as alleged in this Complaint.

5. Venue is proper in this judicial district pursuant to the provisions of 28 U.S.C. §§ 1391 and 1400(b). Defendant has transacted business in this judicial district, continues to transact business in this judicial district, has committed and/or induced acts of infringement in this judicial district, and continues to commit and/or induce acts of infringement in this judicial district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,020,635

6. On September 20, 2011, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 8,020,635 ("the '635 Patent") titled "Expandable Reamer Apparatus." A true and correct copy of the '635 Patent is attached hereto as Exhibit A.

7. Baker is the assignee of the '635 Patent, and holds all rights, title and interest in the '635 Patent.

8. The '635 Patent is valid and enforceable.

9. The '635 Patent relates to an expandable reamer for reaming a borehole with laterally movable blades carried by a tubular body. The blades may be selectively positioned

inward with blade biasing elements and selectively expanded outward using an activation sleeve located within the tubular body.

10. Defendant makes, uses, offers to rent or sell, rents or sells, and/or imports or exports products, systems and/or services, including, but not limited to, the Rhino XC On-Demand Hydraulically Actuated Reamer, that infringe at least claims 1, 11, and 19 of the '635 Patent directly, indirectly and/or under the doctrine of equivalents.

11. Defendant offers to rent or sell, or rents or sells a component for use in practicing the patented invention of at least claims 1, 11, and 19 of the '635 Patent, and that component is material to practicing the invention, is not a staple article of commerce, and has no substantial non-infringing uses. Upon information and belief, Defendant knows that use of the component by third parties results in infringement of at least claims 1, 11, and 19 of the '635 Patent.

12. Defendant has had knowledge and notice of the '635 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts. Defendant's knowledge of the '635 Patent in advance of the filing and service of the Complaint will be a subject of discovery.

13. Defendant has induced, and continues to induce, infringement of the '635 Patent by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claims 1, 11, and 19 of the '635 Patent.

14. Defendant has committed, and continues to commit, acts of contributory infringement of the '635 Patent, including, but not limited to, by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claims 1, 11, and 19 of the '635 Patent.

15. Defendant's past and continued acts of infringement of the '635 Patent have caused damages to Baker. Thus, Baker is entitled to recover damages from Defendant in an amount to be determined at trial, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

16. Defendant's infringement of the '635 Patent will continue to damage Baker, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further acts of infringement.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,215,418**

17. On July 10, 2012, the USPTO duly and legally issued U.S. Patent No. 8,215,418 ("the '418 Patent") titled "Expandable Reamer Apparatus and Related Methods." A true and correct copy of the '418 Patent is attached hereto as Exhibit B.

18. Baker is the assignee of the '418 Patent, and holds all rights, title and interest in the '418 Patent.

19. The '418 Patent is valid and enforceable.

20. The '418 Patent relates to an expandable reamer for reaming a borehole with laterally movable blades carried by a tubular body. The blades may be selectively positioned inward with blade biasing elements and selectively expanded outward using an activation sleeve located within the tubular body.

21. Defendant makes, uses, offers to rent or sell, rents or sells, and/or imports or exports products, systems and/or services including, but not limited to, the Rhino XC On-Demand Hydraulically Actuated Reamer, that infringes at least claims 1, 7, and 10 of the '418 Patent directly, indirectly and/or under the doctrine of equivalents.

22. Defendant offers to rent or sell, or rents or sells a component for use in practicing the patented invention of at least claims 1, 7, and 10 of the '418 Patent, and that component is

material to practicing the invention, is not a staple article of commerce, and has no substantial non-infringing uses. Upon information and belief, Defendant knows that use of the component by third parties results in infringement of at least claims 1, 7, and 10 of the '418 Patent.

23. Defendant has had knowledge and notice of the '418 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts. Defendant's knowledge of the '418 Patent in advance of the filing and service of the Complaint will be a subject of discovery.

24. Defendant has induced, and continues to induce, infringement of the '418 Patent by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claims 1, 7, and 10 of the '418 Patent.

25. Defendant has committed, and continues to commit, acts of contributory infringement of the '418 Patent, including, but not limited to, by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claims 1, 7, and 10 of the '418 Patent.

26. Defendant's past and continued acts of infringement of the '418 Patent have caused damages to Baker. Thus, Baker is entitled to recover damages from Defendant in an amount to be determined at trial, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

27. Defendant's infringement of the '418 Patent will continue to damage Baker, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further acts of infringement.

## **COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,881,833**

28. On November 11, 2014, the USPTO duly and legally issued U.S. Patent No. 8,881,833 ("the '833 Patent") titled "Remotely Controlled Apparatus for Downhole Applications and Methods of Operation." A true and correct copy of the '833 Patent is attached hereto as Exhibit C.

29. Baker is the assignee of the '833 Patent, and holds all rights, title and interest in the '833 Patent.

30. The '833 Patent is valid and enforceable.

31. The '833 Patent relates to a downhole tool that may be configured to operate in an inactive position or an active position using an activation device.

32. Defendant makes, uses, offers to rent or sell, rents or sells, and/or imports or exports products, systems and/or services including, but not limited to, the Rhino XC On-Demand Hydraulically Actuated Reamer and the Rhino XS2 Full-Cycle Expandable Reamer, that infringe at least claim 14 of the '833 Patent directly, indirectly and/or under the doctrine of equivalents.

33. Defendant offers to rent or sell, or rents or sells a component for use in practicing the patented invention of at least claim 14 of the '833 Patent, and that component is material to practicing the invention, is not a staple article of commerce, and has no substantial non-infringing uses. Upon information and belief, Defendant knows that use of the component by third parties results in infringement of at least claim 14 of the '833 Patent.

34. Defendant has had knowledge and notice of the '833 Patent and its infringement since at least, and through, the filing and service of the Complaint and despite this knowledge continues to commit the aforementioned infringing acts. Defendant's knowledge of the '833 Patent in advance of the filing and service of the Complaint will be a subject of discovery.

35. Defendant has induced, and continues to induce, infringement of the '833 Patent by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claim 14 of the '833 Patent.

36. Defendant has committed, and continues to commit, acts of contributory infringement of the '833 Patent, including, but not limited to, by making, using, renting, selling, importing and/or exporting products, systems, and services embodying and/or for use in practicing the patented invention of at least claim 14 of the '833 Patent.

37. Defendant's past and continued acts of infringement of the '833 Patent have caused damages to Baker. Thus, Baker is entitled to recover damages from Defendant in an amount to be determined at trial, but in no event less than a reasonable royalty for Defendant's infringement together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

38. Defendant's infringement of the '833 Patent will continue to damage Baker, causing irreparable harm for which there is no adequate remedy at law, unless Defendant is enjoined by this Court from further acts of infringement.

## JURY DEMAND

39. Plaintiff hereby demands a trial by jury of any and all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER

Baker respectfully prays for relief against Defendant as follows:

a. a judgment that Defendant has in the past infringed, and continues to infringe one or more claims of the '635 Patent, the '418 Patent, and/or the '833 Patent either literally or under the doctrine of equivalents;

b. an order and judgment permanently enjoining Defendant and its agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly from infringing, inducing others to infringe, or contributing to the infringement of the claims of the '635 Patent, the '418 Patent, and/or the '833 Patent;

c. a judgment awarding damages against Defendant in an amount to be proven at trial, but in no event less than a reasonable royalty;

d. a judgment awarding costs and expenses incurred in prosecuting this action;

e. a judgment awarding attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

f. for pre and post-judgement interest at the maximum allowable rate under the law; and

g. for such other and further relief as this Court may deem just and appropriate either at law or in equity.

Respectfully submitted this 1st day of July, 2016.

_ _/s/ Christopher A. Shield_____
Christopher A. Shield
State Bar No. 24046833
SDTX Bar No. 581968
chris.shield@bracewelllaw.com

Jonathan R. Spivey
State Bar No. 24002989
SDTX Bar No. 1794958
jonathan.spivey@bracewelllaw.com

Timothy R. Geiger
State Bar No. 24078552
SDTX Bar No. 1742526
tim.geiger@bracewelllaw.com

Bracewell LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 - Telephone
(713) 221-1212 – Facsimile

ATTORNEYS FOR PLAINTIFF BAKER HUGHES OILFIELD OPERATIONS, INC.