IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS LLC, | § § § § § § § § § § § | CIVIL ACTION NO. 4:16-cv-1956 |
| Plaintiff, | | |
| v. | | JURY TRIAL DEMANDED |
| SMITH INTERNATIONAL, INC. | | |
| Defendant. | | |

**PLAINTIFF'S MOTIONS AND MEMORANDUM *IN LIMINE***

## TABLE OF CONTENTS

Page

I. Nature of Request ...........................................................................................................1

II. Matters to be excluded....................................................................................................2

    **No. 1.** **Defendant should be precluded from introducing any evidence or making any argument regarding the Court's Memorandum Opinion and Order regarding Defendant's Motion for Partial Summary Judgment (Dkt. 115), the Court's Order denying Plaintiff's Motion to for Reconsideration (Dkt. 120), or any briefing associated with either order.** ................................................................................................................2

    **No. 2.** **Defendant should be precluded from introducing any evidence or making any argument regarding any other litigation pending between the parties.** .................................................................................................................3

    **No. 3.** **Defendant should be precluded from introducing any evidence or making any argument regarding any patents that are owned or held by the Defendant except for the patents that are asserted as prior art.** ............4

    **No. 4.** **Defendant should be precluded from introducing any evidence or making any argument that any of the patents owned by Smith cover the Accused Products.** ...........................................................................................5

    **No. 5.** **Defendant should be precluded from introducing any evidence or making any argument related to any pre-trial discovery motions and/or disputes and any rulings made or orders issued on pre-trial discovery motions.** ...............................................................................................5

III. Conclusion......................................................................................................................6

Plaintiff Baker Hughes Oilfield Operations LLC ("Plaintiff") files these Motions *in Limine* and Memorandum in support thereof, and requests the Court to prohibit the introduction of evidence and making of argument as described below:

## I. <u>NATURE OF REQUEST</u>

Before commencement of voir dire examination of the jury panel, Plaintiff moves that counsel for the Defendant Smith International, Inc. ("Defendant") and all of Defendant's witnesses be instructed by an appropriate order of this Court to refrain from making mention, directly or indirectly, of any matters set forth below, without first approaching the Court and obtaining a ruling from the Court, outside the presence and hearing of all of the prospective jurors or jurors ultimately selected in this case, in regard to any of the alleged theories of admissibility of such matters.

Plaintiff would show that the matters set forth below are inadmissible for any purpose on proper and timely objection. As a matter of law, these matters have no bearing on the issues of the case or the rights of the parties to this suit or involve inadmissible evidence. Permitting interrogation of witnesses, comments to jurors or perspective jurors, or offers of evidence concerning these matters would prejudice Plaintiff; and sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather would re-enforce the impact of such prejudicial matters on the jurors.

## II. MATTERS TO BE EXCLUDED

**No. 1. Defendant should be precluded from introducing any evidence or making any argument regarding the Court's Memorandum Opinion and Order regarding Defendant's Motion for Partial Summary Judgment (Dkt. 115), the Court's Order denying Plaintiff's Motion to for Reconsideration (Dkt. 120), or any briefing associated with either order.**

The Court previously entered a Memorandum Opinion and Order (Dkt. 115) granting in part and denying in part Defendant's Motion for Partial Summary Judgment, which sought to limit Plaintiff's damages in this case due to Defendant's alleged failure to mark. In its Motion for Partial Summary Judgment, Smith argued that three of Defendant's products collectively practiced U.S. Patent Nos. 8,020,635 ("'635 Patent"), 8,215,418 ("'418 Patent"), and 8,881,833 ("'833 Patent") (collectively referred to as the "Patents in Suit"). Specifically, Defendant argued that the GaugePro XPR ("XPR") practiced the claims of the '833 Patent. The Court ultimately found that "[a]s a matter of law, Baker Hughes cannot carry its burden of showing that the XPR does not practice the '833 Patent." Dkt. 115 at 14. Consequently, the Court found that Plaintiff failed to mark and that "[b]ecause Baker Hughes began producing the XPR in 2009, before the '833 Patent was issued, Baker Hughes cannot recover any pre-suit damages for Smith's alleged violation of the '833 Patent." *Id.* Plaintiff filed a Motion to Reconsider asking the Court to reconsider its findings with regard to the '833 Patent. The Court denied Plaintiff's Motion for Reconsideration. *See* Memorandum Opinion and Order (Dkt. 120).

Plaintiff anticipates that Defendant will try to enter the Court's Memorandum Opinion and Order (Dkt. 115) into evidence or argue that the Court's Memorandum Opinion and Order (Dkt. 115) renders the asserted claims of the '833 Patent invalid. This is because the Court found that the XPR practices every element of the asserted claims of the '833 Patent, and the XPR pre-dates the '833 Patent. However, the Court's Memorandum Opinion and Order (Dkt. 115) does not contain any express findings regarding the invalidity of the '833 Patent.

Defendant did not ask for such relief in its Motion for Partial Summary Judgment. (Dkt. 102). Any reference or mention of the Court's Memorandum Opinion and Order (Dkt. 115) or any of the related briefing will be severely prejudicial to Plaintiff. Because there is no express finding with regard to the invalidity of the '833 Patent, Plaintiff intends to proceed to trial on its infringement claims regarding the '833 Patent. Defendant should not be allowed to enter the Court's Memorandum Opinion and Order on the Motion for Partial Summary Judgment into evidence or reference it in any way during the trial. Revealing or even alluding to this Court's pre-trial ruling against Plaintiff to the jury during the presentation of evidence or during attorney argument at trial could mislead or confuse the jury and would certainly severely prejudice the jury against Plaintiff. *See* FED. R. EVID. 403.

Motion in Limine:         GRANTED: _____          DENIED: _____


**No. 2. Defendant should be precluded from introducing any evidence or making any argument regarding any other litigation pending between the parties.**

Defendant should be precluded from introducing any testimony, referencing, or otherwise making any argument regarding Civ. A. No. 1:16-cv-00056 (ER); *Smith International, Inc. v. Baker Hughes, a GE Company, LLC*, pending in the District of Delaware (the "Delaware Litigation"). The Delaware Litigation is a patent litigation case asserted by Defendant against Baker Hughes, a GE Company, LLC, which is a different entity that the Plaintiff at issue in this litigation. Furthermore, the Delaware Litigation concerns different patents in suit and different accused products. The Delaware Litigation is not relevant to any of the issues before the jury in this litigation. Specifically, the Delaware Litigation is not relevant to the questions of whether Defendant infringes Plaintiff's Asserted Patents in this litigation, whether the Asserted Patents at

issue in this litigation are valid, or the damages sought by Plaintiff in this litigation. As such, evidence, argument, or reference the Delaware Litigation could only serve to mislead or confuse the jury or to unfairly prejudice the jury against Plaintiff and its attorneys. *See* FED. R. EVID. 401; 402; 403.

Motion in Limine: GRANTED: _____ DENIED: _____

**No. 3. Defendant should be precluded from introducing any evidence or making any argument regarding any patents that are owned or held by the Defendant except for the patents that are asserted as prior art.**

Defendant should be precluded from introducing any testimony, referencing, or otherwise making any argument regarding the fact that Defendant owns or holds the rights to other patents that are not asserted as prior art in this litigation. The fact that Defendant owns or holds the right to other patents that are not asserted as prior art is not relevant to any of the issues before the jury. Specifically, evidence or argument regarding other patents that are not asserted as prior art is not relevant to the questions of whether Defendant infringes Plaintiff's Asserted Patents, whether the Asserted Patents are valid, or damages. As such, evidence, argument, or reference to other patents owned by Defendant could only serve to mislead or confuse the jury or to unfairly prejudice the jury against Plaintiff and its attorneys. *See* FED. R. EVID. 401; 402; 403.

Motion in Limine: GRANTED: _____ DENIED: _____

**No. 4. Defendant should be precluded from introducing any evidence or making any argument that any of the patents owned by Smith cover the Accused Products.**

Defendant should be precluded from introducing any testimony, referencing, or otherwise making any argument regarding the fact that Defendant has patents that it claims cover the Accused Products. Defendant claims it has its own patents that cover the Accused Products. However, whether or not Smith has patents that cover the Accused Products is not relevant to the question of whether the Accused Products infringe Plaintiff's Patents in Suit. Defendant should not be allowed to enter evidence regarding or argue to the jury that it has its own patents that cover the Accused Products, and thus it is not infringing. This is contrary to the law. Having its own patents, does not insulated Defendant from claims of infringement. And, practicing the prior art is not a defense to patent infringement and does not establish invaility. *Zenith Elecs., Corp. v. PDI Commc'n Sys., Inc.*, 522 F.3d 1348, 1363-64 (Fed. Cir. 2008). Evidence or argument regarding Defendant's patents that allegedly cover the Accused Products could only serve to mislead or confuse the jury or to unfairly prejudice the jury against Plaintiff and its attorneys. *See* FED. R. EVID. 401; 402; 403.


Motion in Limine:        GRANTED: _____        DENIED: _____


**No. 5. Defendant should be precluded from introducing any evidence or making any argument related to any pre-trial discovery motions and/or disputes and any rulings made or orders issued on pre-trial discovery motions.**

Defendant should be precluded from introducing any testimony, referencing, or otherwise making any argument referencing any pre-trial discovery motions or disputes, including any motions to exclude related to expert reports, motions to quash depositions, any summary judgment motions, any *Daubert* motions, and any rulings made and/or orders issued by the Court

regarding the aforementioned motions. Pre-trial filings related to discovery disputes are wholly irrelevant to any matters at issue in this litigation and could only serve to mislead or confuse the jury or to unfairly prejudice the jury against Plaintiff and its attorneys. *See* FED. R. EVID. 401; 402; 403. This limine point is not intended to restrict use of the Court's Markman Opinion and Order (Dkt. 95).

Motion in Limine:        GRANTED: _____        DENIED: _____

### III.  CONCLUSION

For the reasons stated herein, Plaintiff respectfully request that its Motions *in Limine* be granted.

| | |
|---|---|
| Dated January 31, 2020 | */s/ Christopher A. Shield* |

                                              Christopher A. Shield
                                              State Bar No. 24046833
                                              SDTX Bar No. 581968
                                              chris.shield@bracewell.com
                                              Staci M. Wilson
                                              State Bar No. 24070863
                                              SDTX No. 1108692
                                              staci.wilson@Bracewell.com
                                              Timothy R. Geiger
                                              State Bar No. 24078552
                                              SDTX Bar No. 1742526
                                              tim.geiger@bracewell.com
                                              Ryan B. McBeth
                                              State Bar No. 24078955
                                              SDTX Bar No. 1742522
                                              ryan.mcbeth@bracewell.com

                                              Bracewell LLP
                                              711 Louisiana, Suite 2300
                                              Houston, Texas 77002
                                              (713) 223-2300 - Telephone
                                              (800) 404-3970 – Facsimile

                                              Anthony F. Matheny
                                              Matheny Legal Services and Consulting PLLC
                                              5955 Woodway Dr.
                                              Houston, Texas 77057
                                              Telephone: 713-817-7062
                                              anthony@mathenylegal.com

                                              ATTORNEYS FOR PLAINTIFF BAKER
                                              HUGHES OILFIELD OPERATIONS LLC

## **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via email pursuant to the Federal Rules of Civil Procedure on the January 31, 2020.

                                              */s/ Ryan B. McBeth*
                                              Ryan B. McBeth

## **CERTIFICATE OF CONFERENCE**

Counsel for Baker Hughes intends to confer with counsel for Defendant regarding these Motions in Limine prior to trial. Counsel for Baker Hughes will provide an updated certificate of conference after doing so.

>  */s/ Christopher A. Shield*
> Christopher A. Shield