IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAKER HUGHES OILFIELD OPERATIONS LLC, | § § § § | |
| | § | CIVIL ACTION NO. 4:16-cv-1956 |
| Plaintiff, | § § § | |
| v. | § § | JURY TRIAL DEMANDED |
| SMITH INTERNATIONAL, INC. | § § § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE*** 

Plaintiff Baker Hughes Oilfield Operations LLC ("Plaintiff") files its Response to defendant Smith International's ("Smith") Motions *in Limine* as follows:

**I. ARGUMENTS AND AUTHORITIES**

**No. 1. Arguments Contrary to or Inconsistent with the Court's Claim Construction Order**

Smith's first limine points is actually two separate and unrelated arguments, and only one relates to the Court's Claim Construction Order (Dkt. 95). One argument is about the effect of this Court's Memorandum and Order on Smith's Motion for Partial Summary Judgment. *See* Motion at 3 (citing Dkt. 115). The second argument is about Smith's interpretation of dicta in the Court's Memorandum Opinion and Order regarding the claim construction in this matter. *See* Motion at 3-4 (citing Dkt. 95). Baker Hughes will address each of these issues below.

Smith's first argument seeks to limit the evidence Baker Hughes can present at trial to defend against Smith's assertion that the asserted claims of U.S. Patent No. 8,881,833 ("'833 Patent") are invalid. Smith argues that Baker Hughes should not be allowed to argue that "selectively control" means "to be able to both open and close the valve" based on statements made in the Court's Memorandum Opinion and Order on a partial summary judgment regarding

the marking requirement ("Partial Summary Judgment Order"). Motion at 3 (citing Dkt. 115). First, it is important to note that, contrary to Smith's argument, the Partial Summary Judgment Order is not a claim construction order. The Court only adopted the Special Master's claim construction recommendations in a separate Memorandum Order and Opinion ("Claim Construction Order") prior to the Partial Summary Judgment Order. *See* Special Master's Report and Recommendation, Dkt. 79-1; *see also* Dkt. 95. Furthermore, the claim term at issue in this limine—"selectively control"—was not a term that the parties asked the Court to construe, was not part of the Special Master's Report and Recommendations (Dkt. 79-1), and was not ultimately construed by this Court at all during the claim construction process (Dkt. 95). Smith is now asking this Court to limit Baker Hughes' presentation of evidence at trial based on a purported "claim construction" in the Partial Summary Judgment Order. This is not logical and runs afoul of the principles of claim construction. Indeed, because neither party identified the "selectively control" term of the '833 Patent for construction, neither party was afforded an opportunity to fully brief and submit evidence regarding this purported claim construction in accordance with Section 4-Claim Construction Proceedings for the Rules of Practice for Patent Cases in the Southern District of Texas.

Furthermore, the Partial Summary Judgment that Smith cites to as support for this limine point concerned a different issue from that which the jury will decide at trial. The issue before the Court on summary judgment was whether Baker Hughes was required to mark its GaugePro XPR because it practiced the claims of the '833 Patent. *See* Dkt. 115 at 13-14. As Smith noted in its Motion for Partial Summary Judgment, Baker Hughes had the burden of proving that it satisfied the marking requirements by a preponderance of the evidence. *See* Smith's Motion for Partial Summary Judgment (Dkt. 102), at 2-3 (citing *Arctic Cat Inc. v. Bombardier Recreational*

*Prod. Inc.*, 876 F.3d 1350, 1369 (Fed. Cir. 2017); *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("The patentee bears the burden of proving compliance [with § 287(a)] by a preponderance of evidence."). Ultimately, the Court found that Baker Hughes did not carry this preponderance of the evidence burden, and found that it failed to mark. Dkt. 115, at 14. The Court made that determination—and all of its findings in its Partial Summary Judgment Order—based on the summary judgement record before it, and applying the standard applicable to summary judgments regarding marking.

Marking is not an issue that the jury will consider at trial. Instead, the jury will be asked to decide whether the asserted claims of the '833 Patent are valid. Under federal law, the '833 Patent is presumed valid. To prove that the claims of the '833 Patent are invalid as being anticipated by the GaugePro XPR, Smith has the burden to prove, by clear and convincing evidence, that the GaugePro XPR includes all elements of the asserted claims. The Court did not make such a ruling in its Partial Summary Judgment Order, and indeed that issue was not even before the Court when it considered Smith's partial summary judgment. Baker Hughes should not be precluded from entering fulsome evidence into the record at trial that rebuts Smith's claim that '833 Patent is invalid. Furthermore, the statements by the Court in its Partial Summary Judgment Order, which were (1) made under a different evidentiary standard, (2) in a proceeding where the burden was placed the burden on Baker Hughes, and (3) in proceeding that did not did not take into consideration the presumption that the patent claims, should not be used to restrict Baker Hughes's ability to counter Smith's invalidity case at trial. As such, Smith's motion in limine on this issue should be denied.

Smith's second argument seeks to limit the evidence Baker Hughes can present at trial regarding Smith's infringement of U.S. Patent No. 8,215,418 (the "'418 Patent") based on the

Court's claim construction. Motion at 3-4 (citing Dkt. 95. The Court's construction for the term:

> increasing a flow rate of drilling fluid through the expandable reamer to cause at least one blade of the expandable reamer to move from a retracted position to an expanded position

which was recommended by the Special Master and accepted by the Court is:

> increasing the flow of drilling fluid against the moveable blades such that the blade moves from a retracted position to an expanded position.

*See* Special Master's Report and Recommendation, Dkt. 79-1, at 3; *see also* Dkt. 95 at 8. In its limine on this issue, Smith argues that the Court construed this term "to require drilling fluid to act directly against the blade." *See* Motion at 3. However, that is incorrect. The language cited by Smith appears in dicta in the Court's Order adopting the Special Master's Report and Recommendation. *See* Dkt. 95 at 10. However, the language quoted by Smith is not part of the claim construction for that term adopted by this Court. *See* Special Master's Report and Recommendation, Dkt. 79-1, at 3; *see also* Dkt. 95 at 8. Dr. Fleckenstein was required to use the language of the Court's claim construction contained in Dkt. 79-1 and Dkt. 95 at 8 in forming his opinions, and that is what he did. Smith cannot now argue that Dr. Fleckenstein should have applied other language that does not appear in the Court's actual claim construction, which is what Smith is trying to do in its limine.

Furthermore, Smith is asking this Court to prohibit Baker Hughes from offering testimony about Smith's infringement of the '418 Patent simply because Smith's products also include a piston and/or a drive ring. Motion at 4. However, the claims of the '418 Patent are "comprising" claims. Under patent law, a claim that uses "comprising" is not limited to only the claim elements listed in the claim. *See CIAS, Inc. v. All. Gaming Corp.*, 504 F.3d 1356, 1360 (Fed. Cir. 2007) ("In the patent claim context the term 'comprising' is well understood to mean

"including but not limited to."). Indeed, an infringer only has to practice all of the claim elements. If the infringer does additional steps or structure that does not equate to non-infringement. *See id.* For example, if a claim requires elements or steps A, B and C, an infringer practicing elements or steps A, B, C and D, the alleged infringer still infringes despite performing the additional element or step D.

As Dr. Fleckenstein explained in his deposition there are three factors or forces contributing to the blade in the Smith Rhino XC moving from a collapsed to expanded position: (1) drilling fluid acting on the piston; (2) drilling fluid leaving the port and acting directly on the blade; and (3) fluid in the annulus moving over the curved structure of the blade creating a force helping to keep the blade out. Ex. A, Deposition of Dr. Fleckenstein, Aug. 19, 2019 , at 304:3-307:22. At least two of these factors/forces involve "increasing the flow of drilling fluid against the moveable blades" with direct contact of the fluid drilling against the blade. Smith's argument seeking to limit Dr. Fleckenstein's testimony on this issue ignores the contribution of the fluid leaving the ports that is directly against the blade as opposed to the remainder of the fluid in the annulus. Smith's argument is an attempt to re-write the Court's claim construction order to say that the claims can only be infringed if all of the fluid flowing through the tool is directly acting on the blades. This is not a proper interpretation of the Court's claim construction. As such, Smith's Motion in Limine on this issue should be denied.

**No. 2. References to Law Firms or Lawyers Representing Any Party**

In its second limine point, Smith seeks to preclude Baker Hughes from making any reference about the law firms or lawyers representing any party. Baker Hughes will agree to this limine point so long as it is reciprocal. Baker Hughes will agree not to make and reference about the law firms or lawyers representing any party so long as Smith agrees to do the same and is also bound by any limine order on this point.

**No. 3.  Smith and Schlumberger's Annual Revenues and/or its Ability to Pay a Judgment or License Fees**

In this third limine point, Smith seeks to preclude Baker Hughes from making any reference to or enter any evidence regarding Smith's and/or Schlumberger's wealth, annual revenues, and/or ability to pay a judgment or license fees.  Baker Hughes interprets this limine point as trying to limit evidence or argument regarding the overall annual revenues of Smith and/or Schlumberger—i.e. their company-wide revenues.  Clearly, annual revenues related to the products at issue in this case are relevant and should not be the subject of any limine order.

However, with this interpretation in mind, Baker Hughes will agree to this limine so long as it is reciprocal.  Thus, Baker Hughes will agree not to make reference to or enter any evidence regarding Smith's and/or Schlumberger's overall wealth, overall/company-wide annual revenues, and/or ability to pay a judgment or license fees so long as Smith agreed not to make reference to or enter any evidence regarding Baker Hughes's overall wealth, overall/company-wide annual revenues, and/or any argument that Baker Hughes does not need money that might be awarded as a judgment or a license fee.  Smith and Baker Hughes should be equally bound by any limine order issued on this point.  Also, as noted above, Baker Hughes reserves the right to discuss the revenues related to the products at issue in this litigation, which form the basis of Baker Hughes' damages claim.

## II.  CONCLUSION

For the reasons stated herein, Baker Hughes respectfully request that the Court deny Smith's first motion in limine point.  Baker Hughes further requests that to the extent the Court enters an order regarding Smith's second and third limine points, that the Court enter an reciprocal order that applies equally to both Baker Hughes and Smith.

| | |
|---|---|
| Dated January 31, 2020 | */s/ Christopher A. Shield* |
| | Christopher A. Shield<br>State Bar No. 24046833<br>SDTX Bar No. 581968<br>chris.shield@bracewell.com<br>Staci M. Wilson<br>State Bar No. 24070863<br>SDTX No. 1108692<br>staci.wilson@Bracewell.com<br>Timothy R. Geiger<br>State Bar No. 24078552<br>SDTX Bar No. 1742526<br>tim.geiger@bracewell.com<br>Ryan B. McBeth<br>State Bar No. 24078955<br>SDTX Bar No. 1742522<br>ryan.mcbeth@bracewell.com |
| | Bracewell LLP<br>711 Louisiana, Suite 2300<br>Houston, Texas 77002<br>(713) 223-2300 - Telephone<br>(800) 404-3970 – Facsimile |
| | Anthony F. Matheny<br>Matheny Legal Services and Consulting PLLC<br>5955 Woodway Dr.<br>Houston, Texas 77057<br>Telephone: 713-817-7062<br>anthony@mathenylegal.com |
| | ATTORNEYS FOR PLAINTIFF BAKER HUGHES OILFIELD OPERATIONS LLC |

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via email pursuant to the Federal Rules of Civil Procedure on the January 31, 2020.

                                                                                                            */s/ Ryan B. McBeth*
                                                                                                             Ryan B. McBeth